UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No. SACV 11-01232-CJC(MLGx)					Date: August 23, 2011

Title: DEUTSCHE BANK NATIONAL TRUST COMPANY V. JESUS AVINA ET AL.

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

| Michelle Urie | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present					None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE TO STATE COURT**

**Introduction and Background**

    Plaintiff Deutsche Bank National Trust Company, as trustee of the Indymac Indx Mortgage Loan Trust 2006-AR2, Mortgage Pass-Through Certificates, Series 2006-AR2 under the Pooling and Servicing Agreement Dated February 1, 2006, ("Deutsche Bank"), filed this action for unlawful detainer against Defendants Jesus Avina and Elvira Avina (collectively "the Avinas") in the Superior Court of California for the County of Orange, after the Avinas refused to vacate the property located at 1849 Barker Way in Placentia, California following a non-judicial foreclosure sale. (Defs.' Notice of Removal Ex. A-1 ¶ 2.) On August 3, 2011, the state court entered judgment in favor of Deutsche Bank in the unlawful detainer action and issued a writ of possession to Deutsche Bank. (Defs.' Notice of Removal Ex. C.) On August 16, 2011, the Avinas filed a Notice of Appeal of the state court decision. (Defs.' Notice of Removal Ex. D.) On August 17, 2011, the Avinas removed the unlawful detainer action to federal court pursuant to 28 U.S.C. § 1441, asserting diversity jurisdiction, and pursuant to 28 U.S.C. § 1443.

**Analysis**

    A civil action brought in a state court but over which a federal court may exercise original jurisdiction may be removed by the defendant to a federal district court. 28

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-01232-CJC(MLGx)            Date: August 23, 2011
                                                                       Page 2

---

U.S.C. § 1441(a). However, "[a] suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987). The burden of establishing subject matter jurisdiction falls on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A district court must remand a case to state court if it appears at any time before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. §1447(c).

      The Avinas appear to invoke this Court's diversity jurisdiction as a basis for removing the unlawful detainer action pursuant to 28 U.S.C. § 1441(a). (*See* Defs.' Notice of Removal at 2). A federal court has "diversity" subject matter jurisdiction over a claim between parties that are citizens of different states that involves an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332. Therefore the Court may not exercise diversity jurisdiction over this action because Deutsche Bank's complaint affirmatively alleges that Deutsche Bank seeks less than $10,000 in damages. (*See* Defs.' Notice of Removal Ex. A-1 ¶¶ 1, 7).

      The Avinas have also failed to allege any facts to show that the California state court deprived them of their equal protection rights and therefore that they are entitled to remove the unlawful detainer action to federal court pursuant to 28 U.S.C. § 1443(1). Section 1443 provides that a civil action "against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States" may be removed to federal court. 28 U.S.C. § 1443(1). The Avinas assert that Deutsche Bank and the state court "are not proceeding in the manner required by the Code of Civil Procedure" and that the state court applied the rules of evidence and civil procedure "without equal protection." (Defs.' Notice of Removal at 2, 3.) The Avinas have not raised "any explicit statutory enactment protecting equal racial civil rights" as a defense to the unlawful detainer action, nor have they alleged any facts to show that the state court refused to enforce any such statute. *See Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (quoting *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970)).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-01232-CJC(MLGx)                    Date: August 23, 2011
                                                    Page 3

**Conclusion**

      For the foregoing reasons, the Court, on its own motion, hereby REMANDS this action to state court.

mkyc

MINUTES FORM 11
CIVIL-GEN                                           Initials of Deputy Clerk MU